FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

15 JUL 22 PM 4:56

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS PETERSON,<br><br>        Defendant. | 4:15CR 3076<br><br>INDICTMENT<br><br>18 U.S.C. § 242<br>18 U.S.C. § 1001 |

The Grand Jury charges:

At all times relevant to this indictment:

## INTRODUCTION

1. Defendant THOMAS PETERSON was a deputy probation officer employed by the State of Nebraska District 9 Probation Office in Kearney, Buffalo County, Nebraska. PETERSON was an employee of the State of Nebraska serving in the judicial branch.

2. As a deputy probation officer PETERSON had the duty to supervise offenders placed on probation by various courts. He also had the duty to assist other District 9 probation officers in carrying out their supervisory responsibilities to include assisting in home visits of probationers. The duties of THOMAS PETERSON included the responsibility to report to sentencing courts regarding violations of conditions of probation committed by individual probationers.

3. PETERSON also had the duty to advise sentencing courts whenever the situation of a probationer might require adjustment of the conditions of probation or the

1

outright termination of probation. Reports of non-compliance to sentencing courts by PETERSON could, and sometimes did, result in an individual probationer's probation being revoked with the probationer then being sentenced to confinement in a jail or correctional facility.

4. PETERSON also had the power to arrest probationers under his supervision in certain circumstances when the probationer was out of compliance with his or her terms of probation.

5. N.T. is a citizen of the United States and was a resident of Buffalo County, Nebraska. N.T. was serving a sentence of probation and was assigned to the District 9 probation office for supervision.

6. D.K. is a citizen of the United States and was a resident of Buffalo County, Nebraska. D.K. was serving a sentence of probation and was assigned to the District 9 probation office for supervision.

7. K.T. is a citizen of the United States and was a resident of Buffalo County, Nebraska. K.T. was serving a sentence of probation and was assigned to the District 9 probation office for supervision.

8. A.K. is a citizen of the United States and was a resident of Buffalo County, Nebraska. A.K. was serving a sentence of probation and was assigned to the District 9 probation office for supervision.

9. B.P. is a citizen of the United States and was a resident of Buffalo County, Nebraska. B.P. was serving a sentence of probation and was assigned to the District 9 probation office for supervision.

10. THOMAS PETERSON was the assigned supervising probation officer for D.K., K.T., B.P. and A.K.. In addition, PETERSON assisted in the supervision of N.T. to include participating in home visits at N.T.'s home and conducting interviews of her in the District 9 probation office.

## COUNT 1

From on or about October of 2010 through on or about July of 2013 in the District of Nebraska, the defendant, THOMAS PETERSON, while acting under color of law, did willfully deprive D.K. of a right secured and protected by the Constitution and laws of the United States; that is, the right not to be deprived of liberty without due process of law, which includes the right to bodily integrity. Specifically, THOMAS PETERSON engaged in sexual acts and sexual contact with D.K. as defined in Title 18, United States Code, 2246(2) and (3).

All in violation of 18 U.S.C. § 242.

## COUNT 2

From on or about March 1, 2012, through on or about on or about December of 2012, in the District of Nebraska, the defendant, THOMAS PETERSON, while acting under color of law, did willfully deprive N.T. of a right secured and protected by the Constitution and laws of the United States; that is, the right not to be deprived of liberty without due process of law, which includes the right to bodily integrity. Specifically, THOMAS PETERSON engaged in sexual contact with N.T. as defined in Title 18, United States Code, 2246(3).

All in violation of 18 U.S.C. § 242.

## COUNT 3

From on or about June 2012, through on or about September of 2013, in the District of Nebraska, the defendant, THOMAS PETERSON, while acting under color of law, did willfully deprive K.T. of a right secured and protected by the Constitution and laws of the United States; that is, the right not to be deprived of liberty without due process of law, which includes the right to bodily integrity. Specifically, THOMAS PETERSON engaged in sexual acts and sexual contact with K.T. as defined in Title 18, United States Code, 2246(2) and (3).

All in violation of 18 U.S.C. § 242.

## COUNT 4

From on or about December of 2013 through on or about January of 2014 in the District of Nebraska, the defendant, THOMAS PETERSON, while acting under color of law, did willfully deprive A.K. of a right secured and protected by the Constitution and laws of the United States; that is, the right not to be deprived of liberty without due process of law, which includes the right to bodily integrity. Specifically, THOMAS PETERSON engaged in sexual acts and sexual contact with A.K. as defined in Title 18, United States Code, 2246(2) and (3).

All in violation of 18 U.S.C. § 242.

## COUNT 5

On or about 14th day of May, 2015, in the District of Nebraska, the defendant, THOMAS PETERSON, knowingly and willfully made false, fictitious, and fraudulent

statements to Special Agents of the Federal Bureau of Investigation, (FBI), concerning facts material to a matter being investigated by the FBI, an agency of the United States. Specifically, the defendant, THOMAS PETERSON, stated:

a. He did not engage in any type of sexual activity with D.K.. This statement was false in that THOMAS PETERSON did engage in sexual activity with D.K..

b. He had not provided information regarding other probationers to D.K.. This statement was false in that THOMAS PETERSON did provide information to D.K. regarding other probationers.

c. Any sexual relationship with K.T. commenced at least two to three months after THOMAS PETERSON began supervising her and only after they had developed a personal relationship. This statement was false in that THOMAS PETERSON initiated inappropriate physical contact with K.T. at his initial home visit at her apartment.

d. He never told B.P. he would seek to have her probation violated unless she left the State of Nebraska. This statement was false in that THOMAS PETERSON did threaten to have B.P.'s probation violated unless she left the State of Nebraska.

e. He had not provided information to any probationers regarding planned probation office actions such as random drug tests. This statement was false in that THOMAS PETERSON did provide information to probationers regarding planned probation office actions.

f. He had not provided any information to any probationers regarding planned actions by law enforcement agencies. This statement was false in that THOMAS

PETERSON did provide information to probationers regarding planned actions by law enforcement agencies.

g. He had not engaged in any sexual activity with any probationers other than K.T. and A.K. This statement was false in that THOMAS PETERSON had engaged in sexual activities with probationers other than K.T. and A.K.

All in violation of Title 18, United States Code, Section 1001.

A TRUE BILL: 

FOREPERSON

DEBORAH GILG
United States Attorney

The United States of America requests that trial of this case be held at Lincoln, Nebraska, pursuant to the rules of this Court.

JAN W. SHARP
Assistant United States Attorney